UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GRISSEL A. GONZAGA, | Case No. 2:24-cv-02353-RFB-MDC |
| Plaintiff, | **DISMISSAL ORDER** |
| v. | |
| STATE OF NEVADA NDOC, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Grissel A. Gonzaga attempted to bring a class action lawsuit on behalf of herself and 29 *pro se* inmates. ECF No. 4. On May 15, 2025, this Court dismissed the complaint in its entirety without prejudice and informed Gonzaga that she could pursue her claims in the instant case because she was the only plaintiff who attempted to submit a complete application to proceed *in forma pauperis* ("IFP") and signed every document. ECF No. 3 at 2. The Court ordered Gonzaga to file a fully complete IFP or pay the full $405 filing fee *and* submit a first amended complaint that only referenced her claims and not the claims of the other 29 inmates within 60 days from the date of that order (July 14, 2025). Id. at 2-3. The Court warned Gonzaga that the action could be dismissed if she failed to pay the filing fee or file a complete IFP *and* file an amended complaint by that deadline. Id. at 3-4. That deadline expired and Gonzaga has not paid the filing fee, filed an IFP, filed an amended complaint, moved for an extension, or otherwise responded.

I.  **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket—weigh in favor of dismissing Gonzaga's claims. The third factor—risk of prejudice to defendants—also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan,

779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed until and unless Gonzaga satisfies the matter of the filing fee and files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no indication that Ms. Gonzaga needs additional time or evidence that she did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. Thus, the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II.  CONCLUSION

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** based on Gonzaga's failure to satisfy the matter of the filing fee and file an amended complaint in compliance with this Court's May 15, 2025, order.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Gonzaga wishes to pursue her claims, she must file a complete IFP or pay the filing fee and file a complaint in a new case.

**DATED:** December 29, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**